1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    ANTHONY MORENO, et al.,                    No. C-10-3445 EDL

12              Plaintiffs,                       **REPORT AND RECOMMENDATION
                                                  RE: DEFENDANT ROUNDPOINT'S
13        v.                                      MOTION TO DISMISS**

14    GUARANTY BANK, et al.,,

15              Defendants.
      _____/

16

17        On June 8, 2010, Plaintiffs Anthony and Patricia Moreno filed a complaint in the Sonoma

18    County Superior Court against Defendant Guaranty Bank and Roundpoint Mortgage Servicing

19    Corporation, alleging claims for fraud; predatory lending practices; breach of fiduciary duty;

20    violation of California Civil Code sections 1916.7, 1920 and 1921; accounting; unfair business

21    practices under California Business & Professions Code section 17200; breach of the covenant of

22    good faith and fair dealing; declaratory relief, quiet title and injunctive relief.  Defendant

23    Roundpoint removed this matter on August 6, 2010.  On August 11, 2010, Defendant Roundpoint

24    filed this motion to dismiss.   Plaintiffs did not file an opposition to the motion to dismiss.

25    Defendant Guaranty Bank has not appeared in this case.

26        This matter was appropriate for decision without oral argument, so the Court vacated the

27    October 5, 2010 hearing.  Because Plaintiffs have not consented to this Court's jurisdiction pursuant

28    to 28 U.S.C. § 636(c), the Court issues the following Report and Recommendation to grant without

      leave to amend Defendant's Motion to Dismiss.  This matter will be reassigned to a district court

1   judge.

2   **Facts**

3          The complaint alleges that in August 2005, Defendant Guaranty Bank solicited Plaintiffs to

4   refinance the real property located at 1365 Southwest Boulevard, Rohnert Park, CA.  Compl. ¶ 10.

5   On November 10, 2005, Plaintiffs executed an Adjustable Rate Mortgage in the amount of

6   $379,000.00 in order to purchase the real property in Rohnert Park, CA.  Request for Judicial Notice

7   (RJN) Ex. 1.[1]  On October 23, 2006, Plaintiff refinanced by executing another Adjustable Rate

8   Mortgage in the amount of $415,000.00.  RJN Ex. 2.  On July 23, 2007, Plaintiffs refinanced by

9   executing another Adjustable Rate Mortgage in the amount of $542,500.00.  RJN Ex. 3; Compl. ¶

10  12.  Plaintiffs allege that they were misled as to the amount of the July 2007 loan.  Compl. ¶ 12.

11  Plaintiffs allege that Defendant Guaranty Bank had a conflict of interest because the broker was paid

12  a Yield Spread Premium to steer Plaintiffs into a higher rate loan that Plaintiffs did not want to

13  undertake.  Compl. ¶ 11.

14         The Deed of Trust securing the July 23, 2007 loan identifies Guild Mortgage Company as the

15  lender, and Chicago Title as the trustee, and the beneficiary as Mortgage Electronic Registration

16  Systems.  RJN Ex. 3.  Thereafter, Guild transferred the Deed of Trust to Defendant Guaranty Bank.

17  After Guaranty Bank became insolvent, the Deed of Trust was purchased by BBVA Compass.

18  Defendant Roundpoint is the loan servicing agent on behalf of BBVA.

19         Plaintiffs allege that Defendant Guaranty Bank has engaged in negligent lending practices

20

21         [1]         A court normally may not look to matters beyond the complaint without converting a
            motion to dismiss into one for summary judgment.  See Mack v. South Bay Beer
22          Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria
            Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991).  There are two exceptions to
23          this rule: (1) a court may take judicial notice of  material which is either submitted as
            part of the complaint or necessarily relied upon by the complaint; and (2) a court may
24          take judicial notice of matters of public record.  See Lee v. City of Los Angeles, 250
            F.3d 668, 688-89 (9th Cir. 2001).  Under Federal Rule of Civil Procedure 201(b), a
25          "judicially noticed fact must be one not subject to reasonable dispute in that it is either:
            (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of
26          accurate and ready determination by resort to sources whose accuracy cannot reasonably
            be questioned."  Furthermore, a court "shall take judicial notice if requested by a party
27          and supplied with the necessary information."  See Fed. R. Civ. P. 201(d); Mullis v.
            United States Bank, 828 F.2d 1385, 1388 n. 9 (9th Cir. 1987).  Here, the documents
28          contained in the Request for Judicial Notice are judicially noticeable under Federal Rule
            of Evidence 201.

**United States District Court**
For the Northern District of California

for the purpose of generating as many sub-prime loans as possible for sale to investors in the United States and abroad.  Compl. ¶ 9.  Plaintiffs allege that Defendant Guaranty Bank enticed minority borrowers to obtain loans that they would not have qualified for under traditional lending practices. Id.  Plaintiffs allege that these policies led to borrowers, such as Plaintiffs, taking on mortgages that they were not capable of paying.  Id.

Plaintiffs allege that they encountered financial difficulties and defaulted on the loan payments.  Compl. ¶ 15.  Plaintiffs allege that they were misled by Defendant Roundpoint's misrepresentations that Defendants were entering into a loan modification with Plaintiffs.  Id. Plaintiffs allege that instead, Defendants deceptively planned and schemed to mislead Plaintiffs by "passing off a negatively amortized adjustable payment which increases Plaintiffs principle balance as a regular payment."  Compl. ¶ 16.  Plaintiffs allege that they have tried to reach an agreement with Defendant Roundpoint, but that Roundpoint had refused.  Compl. ¶ 17.  There is no evidence that a Notice of Default has been recorded or that a foreclosure sale has occurred.

**Legal Standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted  as true and construed in the light most favorable to the plaintiff."  Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions."  Iqbal, 129 S. Ct. at 1949.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 1950.  Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id.

Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief."  Id.  Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not

permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949 (internal

quotation marks omitted) & 1950. That is to say, plaintiffs must "nudge[] their claims across the

line from conceivable to plausible." Twombly, 550 U.S. at 570.

**Discussion**

**1.       Failure to tender**

Defendant argues that all of Plaintiffs' claims should be dismissed because Plaintiffs have

not tendered or offered to tender. In fact, Plaintiffs have admitted in the complaint that they are in

default.

"A valid and viable tender of payment of the indebtedness owing is essential to an action to

cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15

Cal.App.3d 112, 117 (1971); see also Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575,

578 (1984) ("It is settled that an action to set aside a trustee's sale for irregularities in sale notice or

procedure should be accompanied by an offer to pay the full amount of the debt for which the

property was security."). California district courts apply the tender rule in examining wrongful

foreclosure claims. See, e.g., Alicea v. GE Money Bank, 2009 WL 2136969, at *3 (N.D. Cal. July

16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending

or has taken place, the debtor must allege a credible tender of the amount of the secured debt to

maintain any cause of action for foreclosure."); Montoya v. Countrywide Bank, 2009 WL 1813973,

at * 11-12 (N.D. Cal. June 25, 2009) ("Under California law, the 'tender rule' requires that as a

precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the

sale, the borrower must make a valid and viable tender of payment of the debt."). The application of

the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical

ground when the party making the challenge has not established his ability to purchase the

property." Williams v. Countrywide Home Loans, 1999 WL 740375, at *2 (N.D. Cal. Sept. 15,

1999).

Defendant, however, has cited no case applying the tender rule where, as here, there has

been no foreclosure sale. Accordingly, Defendant's Motion to Dismiss based on failure to tender

should be denied.

1   //

2   **2.      Roundpoint is the loan servicer and was not involved in loan origination**

3          Defendant moves to dismiss claims 1, 2, 3, 6, 7, 8, 9 and 10 on the ground that the claims

4   concern loan origination, and Roundpoint was not involved in loan origination.  See Moreno v.

5   Citibank, 2010 WL 1038222 (N.D. Cal. Mar. 19, 2010) (dismissing a claim for undue influence at

6   loan origination because the plaintiff had not shown that the defendant was involved in the loan

7   origination or that even if the defendant was involved, the allegations were too conclusory to state a

8   claim).  In addition, to the extent that Roundpoint was a holder in due course of the loan, it cannot be

9   liable for the acts of other entities at loan origination.  See Szczotka v. Idelson, 228 Cal.App.2d 399,

10  407 (1964) (finding that holders in due course take a note free and clear).  Here, as described below,

11  the first, second, third, sixth, eighth and ninth claims sought to be dismissed on this basis are

12  focussed on loan origination, and thus, Defendant's Motion to Dismiss should be granted as to these

13  claims.

14         The first claim for fraud and the second claim for predatory lending practices focus on the

15  allegations that Guaranty Bank failed to verify Plaintiffs' ability to pay the new mortgage,

16  manufactured financial figures, misled Plaintiffs as to the terms and conditions of the loan, failed to

17  disclose the terms of the loan, and engaged in unlawful actions to justify "their own rapacious

18  appetite for fee income."  Compl. ¶¶ 21, 27.  Plaintiffs allege that Defendants lowered their

19  underwriting standards in order to provide Plaintiffs with a loan that was and is financially

20  unbearable and burdensome.  Compl. ¶¶  22, 28.  Plaintiffs argue that they were justified in relying

21  on Defendants' expertise in knowing what kind of loan size and terms that Plaintiffs would be able

22  to manage without undue risk of loss.  Compl. ¶ 23.  Plaintiffs allege that they have suffered harm

23  based on the fraud.  Compl. ¶ 24.

24         The third claim for breach of fiduciary duty is focussed on the alleged breach of a duty to

25  act for Plaintiffs' benefit, in particular, by placing and negotiating loans without due cause to the

26  best interests of Plaintiffs or for the protection of their rights.  Compl. ¶  32.  The sixth claim alleges

27  unfair business practices against Defendants in "using bait and switch tactics; making loans without

28  providing borrowers with sufficient, accurate and understandable information regarding the terms

**United States District Court**
For the Northern District of California

1   and conditions of the loan; and making loans without providing borrowers with information

2   regarding the nature and extent of the financial risk being assumed by the borrowers." Compl. ¶ 46.

3

4           The eighth claim seeks declaratory relief on the grounds that the loan documents are void

5   based on Defendants' failure to disclose terms, the violation of the duty to refrain from making

6   misleading statements and the predatory lending practices. Compl. ¶ 58. The ninth claim seeks to

7   quiet title "due to the violation of truth and lending rules and fraudulent acts in connection with the

8   acquisition and creation of the loan documents for the subject loan." Compl. ¶ 64.

9           However, the seventh and tenth claims are not only focussed on loan origination. The

10  seventh claim alleges that "virtually from the inception of the agreement misled, deceived and

11  willfully and intentionally breached the covenant of complaint faith and fair [sic]." Compl. ¶ 51.

12  Plaintiffs allege that Defendants' misrepresentations constituted a breach of the covenant of good

13  faith and fair dealing and were done to harm Plaintiffs. Compl. ¶ 52. The tenth claim seeks

14  injunctive relief preventing Defendants from interfering with Plaintiffs' use and enjoyment of the

15  property. Compl. ¶ 68. Thus, Defendant's Motion to Dismiss these claims on the ground that

16  Roundpoint was not involved in loan origination should be denied, although these claims should be

17  dismissed for failure to state a claim as described below.

18  **3.      The first claim for intentional misrepresentation/fraud should be dismissed**

19          Not only should the first claim be dismissed because Roundpoint was not involved in loan

20  origination, it should also be dismissed because Plaintiffs have failed to state a claim. It appears as

21  if Plaintiffs are trying to state a fraudulent misrepresentation case as well as a fraudulent

22  concealment case.

23           To establish a cause of action for fraudulent misrepresentation, Plaintiffs must plead and

24  prove four elements: (1) a knowingly false representation by Defendant; (2) an intent to deceive or

25  induce reliance; (3) justifiable reliance by Plaintiffs; and (4) resulting damages. Guiterrez v. Wells

26  Fargo Bank, 2009 WL 322915, at *4 (N.D. Cal. Feb. 9, 2009) (citing Service by Medallion, Inc. v.

27  Clorox Co., 44 Cal.App.4th 1807, 1816 (1996)). To establish a cause of action for fraudulent

28  concealment, Plaintiffs must plead and prove five elements: (1) Defendant must have concealed or

suppressed a material fact; (2) Defendant must have been under a duty to disclose the fact to the plaintiff; (3) Defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) Plaintiffs must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.  Id. (citing Marketing West, Inc. v. Sanyo Fisher (USA) Corp., 6 Cal.App.4th 603, 612-13 (1992)).

Further, Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b); Vess v. Ciba-Geigy, Inc., 317 F.3d 1097, 1106 (9th Cir. 1997) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged.") (internal citations omitted).  In addition, when charging fraud against a business entity like Roundpoint, the pleading requirements are more strict:

> The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.

Tarmann v. State Farm Mutual Auto Ins. Co., 2 Cal.App.4th 153, 157 (1991).  Further:

> On the other hand, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme."

Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal citations omitted).

Plaintiffs' allegations of fraud are not pled with particularity.  Plaintiffs have not alleged any specific information about who made misrepresentations, when those misrepresentations were made or the content of form of the statements.  Plaintiffs do not allege which facts were material, which were and were not disclosed to them, which Defendant concealed which facts, and which

**United States District Court**
For the Northern District of California

1   Defendant had a duty to disclose those facts to them.  Thus, Defendant's Motion to Dismiss the first

2   claim should be granted.

3

4   **4.        The second claim for predatory lending practices should be dismissed**

5          Not only should the second claim be dismissed because Roundpoint was not involved in

6   loan origination, it should also be dismissed because Plaintiffs have failed to state a claim.  Plaintiffs

7   allege that Defendants' allegedly predatory lending practices violated the Federal Home Ownership

8   Equity Protection Act (HOEPA), the Truth in Lending Act (TILA), Federal Reserve Regulation Z,

9   Civil Code section 1632 and Business and Professions Code section 17500.  Compl. ¶ 26.

10         Plaintiffs, however, have not identified the specific language from the statutes that they

11  allege Defendant violated.  Further, Plaintiffs have failed to allege the conduct on the part of

12  Roundpoint that allegedly violated those statutes.  By combining several statutes in a brief paragraph

13  in the complaint, Plaintiffs have failed to satisfy the pleading standard on a motion to dismiss.  Thus,

14  Defendant's Motion to Dismiss the second claim should be granted.

15  **5.        The third claim for breach of fiduciary duty should be dismissed**

16         Not only should the third claim be dismissed because Roundpoint was not involved in loan

17  origination, it should also be dismissed because Plaintiffs have failed to state a claim.  Plaintiffs

18  allege that Defendants created, accepted and acted in a fiduciary relationship with Plaintiffs.  Compl.

19  ¶ 31.  Plaintiffs allege that Defendants breached that duty by acting for their own benefit to the

20  detriment of Plaintiffs by, among other things, placing and negotiating loans without consideration

21  of Plaintiffs' best interests.  Compl. ¶ 32.

22         ". . . [I]t is established that absent special circumstances . . . a loan transaction is at arm's

23  length and there is no fiduciary relationship between the borrower and lender." Oaks Management

24  Corp. v Superior Court, 145 Cal.App.4th 453, 466 (2006); see also Price v. Wells Fargo Bank, 213

25  Cal.App.3d 465, 476 (1989) ("It has long been regarded as 'axiomatic that the relationship between

26  a bank and its depositor arising out of a general deposit is that of a debtor and creditor.'  'A debt is

27  not a trust and there is not a fiduciary relation between debtor and creditor as such.'  The same

28  principle should apply with even greater clarity to the relationship between a bank and its loan

customers.") (internal citations omitted).  Accordingly, the third claim should be dismissed for failure to state a claim because there are no allegations that the relationship between Plaintiffs and Defendant gives rise to any fiduciary relationship, or that indicate that the loan transactions was not made at arm's length.

**6.     The fourth claim for violation of Civil Code sections 1916.7, 1920 and 1921 should be dismissed.**

Plaintiffs allege that Defendants entered into a pooling agreement in express violation of Civil Code sections 1916.7, 1920 and 1921 and as a direct result, failed to satisfy the requirements of a mortgage instrument as set out in section 1920 and the requirements for disclosure of information in connection with a mortgage instrument as set out in section 1921.  Compl. ¶ 37. Defendants argue that Plaintiffs have not adequately pled a pooling agreement.  More fundamentally, however, the Civil Code sections cited by Plaintiffs deal exclusively with the required terms and conditions of adjustable rate mortgages.  None of them address pooling agreements, and it is unclear how the existence of a pooling agreement, if there was one, would violate any of these sections.  Accordingly, the fourth claim should be dismissed for failure to state a claim.

**7.     The fifth claim for an accounting should be dismissed**

Plaintiffs allege that the true amount of money owed to Defendant by Plaintiffs is unknown because Defendant alleges different figures for the loan payoff.  Compl. ¶ 41.  There are no allegations as to what those different figures are.  Plaintiffs allege that before filing this action, they requested copies of the entire file from Defendants under the Real Estate Settlement Practices Act, but that Defendants have not responded.  Compl. ¶ 41.  Plaintiffs argues that the amount owed to the true owner of the note cannot be determined without an accounting.  Compl. ¶ 42.

An accounting is a "'species of disclosure, predicated upon the plaintiff's legal inability to determine how much money, if any, is due.'"  Teselle v. McLoughlin, 173 Cal.App.4th 156, 180 (2009) (quoting 1A Corpus Juris Secundum, Accounting, § 6, ¶. 7-8, fn. omitted).  "Thus, the purpose of the accounting is, in part, to discover what, if any, sums are owed to the plaintiff, and an accounting may be used as a discovery device."  Teselle, 173 Cal.App.4th at 180.

Here, however, there are no allegations that any money is due to Plaintiffs as a result of

United States District Court
For the Northern District of California

their business relationship with Defendant.  In fact, Plaintiffs allege that they defaulted on their loan, so it appears that Plaintiffs owe money to Defendants.  Further, there are no allegations, other than conclusory ones, that the loan is so complicated that an accounting is necessary.  Instead, Plaintiffs seek an accounting of how much money they owe the true owners of the loan, which fails to state a claim for accounting.  Accordingly, the fifth claim should be dismissed.

**8.        The sixth claim for unfair business practices should be dismissed**

Not only should the sixth claim be dismissed because Roundpoint was not involved in loan origination, it should also be dismissed because Plaintiffs have failed to state a claim.  Plaintiffs allege that Defendants' conduct with respect to Plaintiffs' loan threatens an "incipient violation of various consumer protection statutes, or which violate the policy or spirit of such laws, including, but not limited to, California Business & Professions Code § 10130 and Title 15 of the United States Code, together with Regulation Z."  Compl. ¶ 47.

Sections 17200, et seq., prohibits "any unlawful, unfair or fraudulent business act or practice. This cause of action is derivative of some other illegal conduct or fraud committed by a defendant, and a plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Lomboy v. SCME Mortgage Brokers, 2009 WL 1457738, at *7 (N.D. Cal. May 26, 2009).  Further, as stated above, when charging fraud against a business entity, the pleading requirements are more strict.  Tarmann v. State Farm Mutual Auro Ins. Co., 2 Cal.App.4th 153, 157 (1991).

Here, Plaintiffs' claim brought under section 17200 is not sufficiently particular to satisfy the pleading standards.   For example, Plaintiffs do not distinguish between Defendants with respect to the conduct alleged.  Also, Plaintiffs allege that Defendant engaged in bait and switch tactics, but fail to state what was involved in those tactics.  Plaintiffs also allege that Defendant made loans with improper disclosures, but fail to allege any particular facts to support that claim.  Accordingly, the sixth claim should be dismissed for failure to state a claim.

**9.        The seventh claim for breach of the covenant of good faith and fair dealing should be dismissed**

Plaintiffs allege that Defendants "virtually from the inception of the agreement misled, deceived and willfully and intentionally breached" the covenant of good faith and fair dealing.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   Compl. ¶ 51.  Plaintiffs allege that the willful, wrongful and deceitful misrepresentations were done

2   to harm Plaintiffs and "steal" their property.  Compl. ¶ 52.

3          The covenant of good faith is an implied term arising out of a contract itself.  Kim v.

4   Regents of Univ. of Cal., 80 Cal.4th 160, 164 (2000).  "The existence of a contractual relationship is

5   thus a prerequisite for any action for breach of the covenant." Id.  "It is universally recognized the

6   scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and

7   express terms of the contract." Carma Developers (California), Inc. v. Marathon Development

8   California, Inc., 2 Cal.4th 342, 373 (1992) (stating that an implied covenant of good faith and fair

9   dealing cannot contradict the express terms of a contract).

10         In  Foley v. Interactive Data Corp., 47 Cal.3d 654, 693 (1988), the California Supreme

11  Court reigned in the extension of the tort remedies for violation of the implied covenant of good

12  faith and fair dealing.  See Price, 213 Cal.App.3d at 478 ("But the implications of the court's

13  analysis [in Foley] presage a close scrutiny of tort recovery for breach of the implied covenant of

14  good faith and fair dealing outside of the insurance context. The decision surely precludes the sort of

15  loose extension of tort recovery, based on 'quasi-fiduciary' relationship, sanctioned in Commercial

16  Cotton v. United California Bank, supra, 163 Cal.App.3d 511.").  In a case interpreting Foley, the

17  state court of appeals stated:

18         While Foley may leave this question open, albeit narrowly, it is clear from the court's
           failure to find sufficiently insurance-like characteristics to justify permitting tort
19         actions against employers who discharge employees in bad faith, that it would not
           permit such an action in an ordinary commercial context where a lender refuses to
20         honor an oral commitment to extend or "roll over" short-term loans. Foley, impliedly
           if not expressly, limits the ability to recover tort damages in breach of contract
21         situations to those where the respective positions of the contracting parties have the
           fiduciary characteristics of that relationship between the insurer and insured.

22

23  Mitsui Manufacturers Bank v. Superior Court, 212 Cal.App.3d 726, 730 (1989).

24         Thus, here, where the relationship between Plaintiffs and Defendant is that of lender and

25  borrower and no allegations to otherwise demonstrate that Plaintiffs and Defendant have a fiduciary

26  relationship similar to the insurance context, there is no a claim for breach of the covenant of good

27  faith and fair dealing.  Accordingly, Defendant's motion to dismiss this claim should be granted.

28  **10.       The eighth claim for declaratory relief should be dismissed**

11

1    Not only should the eighth claim be dismissed because Roundpoint was not involved in

2    loan origination, it should also be dismissed because Plaintiffs have failed to state a claim.  Plaintiffs

3    allege that the loan documents are void by operation of law based on the facts in the complaint,

4    including but not limited to, Defendant's alleged violation of disclosure requirements, violation of

5    duty to refrain from making misleading statements and fraudulent misrepresentations and the

6    predatory lending practices.  Compl. ¶ 58.  Due to these activities, Plaintiffs allege that it is improper

7    to enforce the loan documents through foreclosure.  Compl. ¶ 59.   The complaint also alleges that

8    Defendants proceeded to a non-judicial foreclosure, but there has been no showing of a pending

9    foreclosure. Compl. ¶ 60.

10    Defendants argue that the declaratory relief claim should be dismissed because it is

11    superfluous and subsumed within Plaintiffs' other claims.  See Mangindin v. Washington Mut.

12    Bank, 637 F. Supp. 2d 700, 707-08 (N.D. Cal. 2009) ("A claim for declaratory relief is unnecessary

13    where an adequate remedy exists under some other cause of action.").  In Mangindin, Judge Ware

14    dismissed the plaintiff's declaratory relief claim as duplicative and unnecessary because the claim,

15    which sought a declaration that the defendants had no right to foreclose, was "entirely

16    commensurate with the relief sought through the other causes of action."  Further, "an actual,

17    present controversy must be pleaded specifically" and "the facts of the respective claims concerning

18    the [underlying] subject must be given."  City of Cotati v. Cashman, 29 Cal.4th 69, 80 (2002).

19    Here, Plaintiffs have not pled the specific facts underlying the controversy between the

20    parties.  Plaintiffs has failed to state any claims, so there is no actual and present controversy.

21    Further, there has been no showing as to how the declaratory relief claim is not duplicative of other

22    claims in this case.  Accordingly, the eighth claim should be dismissed for failure to state a claim.

**11.     The ninth claim to quiet title should be dismissed**

24    Not only should the ninth claim be dismissed because Roundpoint was not involved in loan

25    origination, it should also be dismissed because Plaintiffs have failed to state a claim.  Plaintiffs

26    allege that they are the legal owners of the property at issue in this case.  Compl. ¶ 63.  Further,

27    Plaintiffs allege that they seek to quiet title as of June 2, 2010 against Defendants, which Plaintiffs

28    allege improperly hold themselves out as the equitable owners of the property.  Compl. ¶¶ 64, 66.

**United States District Court**
For the Northern District of California

12

**United States District Court**
For the Northern District of California

1   Plaintiffs allege that Defendants have no right to title to the property and no right to demand

2   possession or file an unlawful detainer action.  Compl. ¶ 65.

3          Plaintiffs cannot state a claim to quiet title unless they allege an ability to tender the

4   amount of the debt, which they have not done.  See <u>Aguilar v. Bocci</u>, 39 Cal. App. 3d 475, 478

5   (1974) (stating that a trustor cannot "quiet title without discharging his debt.  The cloud upon his

6   title persists until the debt is paid.  He is entitled to remain in possession, but cannot clear his title

7   without satisfying his debt.") (citation omitted); <u>see also</u> <u>Kelley v. Mortgage Elec. Reg. Sys., Inc.</u>,

8   642 F.Supp.2d 1048, 1057 (N. D. Cal. 2009) (stating that a basic requirement of an action to quiet

9   title is an allegation that plaintiffs "are the rightful owners of the property, i.e., that they have

10  satisfied their obligations under the Deed of Trust."); <u>Watson v. MTC Financial, Inc</u>., 2009 WL

11  2151782, at *4 (E.D. Cal. Jul. 17, 2009) (quoting <u>Shimpones v. Stickney</u>, 219 Cal. 637, 649 (1934))

12  ("[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured.").

13  Thus, this claim should be dismissed for failure to state a claim.

14  **12.      The tenth claim for injunctive relief should be dismissed**

15         Plaintiffs seek an injunction to prevent Defendants from any further actions to interfere

16  with Plaintiffs' use and enjoyment of the property.  Compl. ¶ 68.  Injunctive relief is a remedy, not a

17  claim.  Further, to the extent that Plaintiffs have not otherwise stated a claim for relief against these

18  Defendants, they are not entitled to injunctive relief.  Accordingly, the tenth claim should be

19  dismissed.

20  **Conclusion**

21         The Court recommends granting Defendant's motion to dismiss without leave to amend.

22  Although leave to amend is liberally granted pursuant to Federal Rule of Civil Procedure 15(a), in

23  recommending dismissal without leave to amend, the Court considered that Plaintiffs did not

24  respond to Defendants' Motion to Dismiss, did not respond to the Court's notice regarding consent

25  to magistrate judge jurisdiction, did not request leave to amend their complaint and have not

26  otherwise prosecuted this case in this Court.  Delaying dismissal further may cause undue prejudice

27  to the opposing party.  Moreover, amendment of the claims would be futile because Defendant was

28  not involved in loan origination and because Plaintiffs are otherwise unable to state a claim.  See

1   <u>Moore v. Kayport Package Exp., Inc.</u>, 885 F.2d 531, 538 (9th Cir.1989); <u>Kristick v. First Franklin</u>

2   <u>Loan Services, Inc.</u>, 2009 WL 3682587 (D. Ariz. Nov. 3, 2009).

3           Any party may serve and file specific written objections to this recommendation within

4   fourteen (14) days after being served with a copy.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

5   72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the

6   right to appeal the District Court's order.

7   Dated: October 18, 2010

8                                                              ELIZABETH D. LAPORTE
                                                               United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

14